# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01654-SPM |
| | ) | |
| DANIEL KEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on four motions: plaintiff Oscar Garner's two motions for entry of default judgment; plaintiff's motion for partial summary judgment; and defendants Deana Sandoval's and Megan Johansson's motion for an extension of time in which to respond to plaintiff's motion for partial summary judgment. (Docket No. 11; Docket No. 12; Docket No. 20; Docket No. 22). For the reasons discussed below, all four motions will be denied.

### Background

Plaintiff is a self-represented litigant who is incarcerated at the St. Charles County Department of Corrections in St. Charles, Missouri. On November 23, 2020, he filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983, naming fifteen separate defendants in both their individual and official capacities. (Docket No. 1). Along with his complaint, plaintiff filed a motion for leave to proceed in forma pauperis.

On April 22, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee. (Docket No. 5). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court dismissed all of plaintiff's claims except for the individual capacity claims against Nurse

Case: 4:20-cv-01654-SPM   Doc. #:  23   Filed: 08/30/21   Page: 2 of 5 PageID #: 134

Megan Unknown and Nurse Deana Unknown. As to those two individuals, the Court directed the Clerk of Court to issue process.

On June 15, 2021, summons was returned executed as to Nurse Deana Unknown and Nurse Megan Unknown. (Docket No. 9; Docket No. 10). Both defendants were served at the St. Charles County Department of Corrections, which plaintiff had indicated as defendants' employer. Service was not made on the individuals themselves, but was accepted by Superintendent Daniel Keen. Answers were due on or before July 2, 2021.

Plaintiff filed a motion for entry of Clerk's default on July 1, 2021. (Docket No. 11). In the motion, plaintiff asserted that both summonses had been returned executed, but that defendants had not answered within the time-period provided by the Federal Rules of Civil Procedure. He therefore sought entry of default judgment pursuant to Fed. R. Civ. P. 55.

On July 19, 2021, plaintiff submitted a motion for partial summary judgment. (Docket No. 12). In the motion, he argued that there was no genuine dispute as to the facts establishing defendants' deliberate indifference to his medical needs.

On August 25, 2021, defendants both filed waivers of service and answers to plaintiff's complaint. (Docket No. 15; Docket No. 16; Docket No. 17; Docket No. 18). Defendants also filed a memorandum in opposition to plaintiff's motion for entry of default judgment. (Docket No. 19). In the memorandum, defendants noted that their correct names are Deana Sandoval and Megan Johansson. Defendants also stated that they are not employees of St. Charles County, but of Accountable Healthcare Staffing; that Daniel Keen is not the registered agent of Accountable Healthcare Staffing or authorized to accept service of process on defendants' behalf; and that defendants were never personally served. Nevertheless, in order to avoid further costs in obtaining

2

service, defendants have submitted waivers. Defendants also filed a motion for an extension of time in which to respond to plaintiff's motion for partial summary judgment.

On August 27, 2021, plaintiff filed a second motion for entry of default. (Docket No. 22).

## Discussion

Plaintiff has filed two motions for entry of default judgment and a motion for partial summary judgment. Defendants have filed a memorandum in opposition to the motion for entry of default judgment, and a motion for an extension of time in which to respond to the motion for partial summary judgment. For the reasons discussed below, all four motions will be denied.

### A. Motions for Entry of Default

Plaintiff contends that he is entitled to entry of default because defendants did not timely file answers to his complaint. (Docket No. 11; Docket No. 22). Pursuant to the Federal Rules of Civil Procedure, a defendant has twenty-one days in which to file an answer after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). Neither defendant filed an answer within that timeframe. Plaintiff, however, has not established that either defendant was properly served.

Review of the United States Marshals Service's process receipt and return for each defendant shows that service was accepted by Daniel Keen on behalf of the St. Charles County Department of Corrections. As defendants point out, though, Daniel Keen is not authorized to accept service on their behalf. That is because defendants are not employed by the St. Charles County Department of Corrections as plaintiff has alleged. Rather, their employer is Accountable Healthcare Staffing, which has its own registered agent. Additionally, there is no indication that either defendant was personally served, or that a copy of the summons and petition was left at their

3

usual place of abode. *See* Fed. R. Civ. P. 4(e) (providing methods for serving an individual within a judicial district of the United States).

In short, service on defendants was defective because plaintiff failed to provide accurate information as to their employer. As such, the twenty-one day period provided in Rule 12 of the Federal Rules of Civil Procedure is inapplicable to defendants. Therefore, plaintiff's motions for entry of default must be denied. The Court notes that despite the failure to properly effectuate service, defendants have agreed to waive service, and have submitted those waivers in separate filings.

### B. Motion for Partial Summary Judgment

Shortly after plaintiff filed his motion for entry of default, he also filed a motion for partial summary judgment. (Docket No. 12). At that time, as discussed above, defendants had not been properly served, much less filed their answers. Now that defendants have waived service and answered plaintiff's complaint, the Court will issue a case management order setting out discovery deadlines. The Court will therefore deny plaintiff's motion for partial summary judgment without prejudice to plaintiff renewing the motion upon completion of discovery and in accordance with the deadlines set forth in the case management order.

### C. Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment

Defendants have filed a motion for an extension of time in which to respond to plaintiff's motion for partial summary judgment. (Docket No. 20). The motion will be denied as moot as the Court is denying plaintiff's partial summary judgment motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for entry of default (Docket No. 11; Docket No. 22) are **DENIED**.

4

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment (Docket No. 12) is **DENIED** without prejudice to being renewed upon completion of discovery.

**IT IS FURTHER ORDERED** that defendants' motion for an extension of time in which to respond to plaintiff's motion for partial summary judgment (Docket No. 20) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute defendant Megan Johansson for Megan Unknown and substitute defendant Deana Sandoval for Deana Unknown.

**IT IS FURTHER ORDERED** that a separate case management order will accompany this memorandum and order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of August, 2021.