UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OSCAR GARNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-01654-SPM |
| DANIEL KEEN, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) filed by Plaintiff Oscar Garner. (Doc. 74). The time for Defendants to file a response has expired. For the following reasons, the motion will be denied.

I. **BACKGROUND**

Plaintiff is a self-represented litigant who brought this civil action pursuant to 42 U.S.C. § 1983 against several nurses at the St. Charles County Jail, alleging claims of deliberate indifference to his medical needs in violation of the Fourteenth Amendment. Plaintiff alleged that after he arrived at the St. Louis County Jail as a pretrial detainee, he was seen by Defendant Nurse Patricia Garrison-Metzger, who found that Plaintiff had a swollen and painful knee and entered a Segregation Report giving him a bottom bunk, bottom tier restriction because of his knee. He was also prescribed Tylenol for his knee. Due to COVID isolation protocols, Plaintiff was placed in a second-floor cell instead of a bottom-tier cell. On several occasions, he requested that Defendant Nurse Deanna Sandoval and/or Defendant Nurse Megan Johansson bring his Tylenol to his second-floor cell (instead of distributing it to him on the first floor), and they refused, resulting in the denial of his medications.

On September 29, 2022, this Court granted summary judgment in favor of Defendants Sandoval and Johansson, finding that there was not sufficient evidence from which a jury could conclude that either of them "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk," as required to show the second element of a deliberate indifference claim. Mem. & Order, Doc. 71, at 17 (quoting *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021)). The Court also granted summary judgment in favor of Defendant Garrison-Metzger, finding that there were 'no allegations whatsoever to support a finding that Defendant Garrison-Metzger acted with deliberate indifference to [Plaintiff's] medical needs." *Id.* at 18. On October 17, 2022, Plaintiff filed the instant Motion to Alter or Amend Judgment, asking the Court to reconsider its ruling. Plaintiff's arguments relate only to the claims against Defendants Sandoval and Johansson.

**II.   DISCUSSION**

Under Rule 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). This rule "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110 (8th Cir. 2017) (quotation marks omitted). "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)).

Plaintiff appears to make three arguments in support of his request that the Court reconsider its ruling granting summary judgment in favor of Defendants Sandoval and

Johansson.

First, Plaintiff takes issue with a statement he suggests the Court made in its opinion that "there is no indication that any defendant understood that the assignment [to a bottom-tier cell] was because of a serious medical condition." Mot. to Alter, Doc. 74, at 2. Plaintiff argues that contrary to this statement, it is clear that Defendants knew that the restriction to a bottom-tier cell was because of a serious medical condition. He points to records showing that medical personnel had given him a bottom-tier restriction due to his swollen right knee and to evidence showing that Defendants had reviewed these records.

This argument does not provide a basis for altering the Court's judgment. The language Plaintiff quotes was not actually a statement from this Court about Plaintiff's case; it was part of a longer quotation from a Fifth Circuit case.[1] This Court's holding in this case was *not* based on a finding that Defendants did not know that Plaintiff's bottom-tier restriction was because of a serious medical condition (his swollen and painful knee). The Court assumes that they did have this knowledge. Instead, the Court's holding was that despite this knowledge, there was not sufficient evidence to support a jury finding that Defendants "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk," as is required to show the second prong of a deliberate indifference claim. *See* Mem. & Order, Doc. 71, at 12-18; *Shipp*, 9 F.4th at 703. Specifically, the Court found insufficient evidence "to support a finding that either nurse recognized that requiring Plaintiff to navigate stairs would subject him to a

---

[1] *See Hewitt v. Bedford*, 652 F. App'x 256, 257-58 (5th Cir. 2016) ("While the record reflects that at least some of the defendants knew that Hewitt was assigned to a lower bunk on the lower tier, there is no indication that any defendant understood that the assignment was because of a medical condition that gave rise to a substantial risk of serious harm, thought that any medical condition would be implicated or exacerbated by moving Hewitt to an upper tier, purposefully ignored the likelihood that the move would create a serious risk of harm, and subjectively intended for Hewitt to suffer harm.").

3

substantial risk of serious harm," Mem. & Order, Doc. 71, at 16, such that they knew that their conduct in refusing to bring his medications to his second-floor cell was inappropriate in light of that risk. Plaintiff does not cite, in his motion, any evidence or reasoning not previously considered by the Court that would support such a finding.

Second, Plaintiff points to one statement in Defendants Deana Sandoval and Megan Johansson's memorandum in opposition to Plaintiff's motion for summary judgment that Plaintiff asserts is not supported by the facts. In the statement of facts Plaintiff submitted in support of his motion for summary judgment, Plaintiff asserted that on November 9, Defendant Sandoval wrote "cleared" on an October 29 Segregation Report that had given him a bottom bunk, bottom tier restriction, without ever seeing Plaintiff or speaking with anyone about clearing those restrictions. Doc. 31-1, at ¶ 8. On page six of their memorandum in opposition to Plaintiff's motion for summary judgment, Defendants argue that Defendant Sandoval did not arbitrarily cancel the prior Segregation Report and that instead, "when new segregation orders were entered on 11/10/20, the old segregation orders were 'cleared' to indicate that there were new orders in place." Defs. Deana Sandoval and Megan Johansson's Mem. Resp. to Mot. For Partial S.J., Doc. 36, at 6.

The Court agrees with Plaintiff that Defendants' explanation of why Defendant Sandoval cleared the Segregation Report on November 9 does not make sense. The undisputed evidence shows that Defendant Sandoval cleared the earlier Segregation Report at 2:13 p.m. on November 9—almost 22 hours *before* the new Segregation Report was entered at 12:13 p.m. on November 10.[2] The clearing on November 9 could not have been done "to indicate that there were new

---

[2] On October 29, Defendant Garrison-Metzger entered a Segregation Report stating that Plaintiff was to have a "bottom bunk, bottom tier, no outdoor rec until on or about 11-3-20 or cleared by medical." Defs.' Ex. 2, Doc. 44-2. On November 9, at 2:30 p.m., Defendant Sandoval wrote

4

orders in place," because there were no new orders in place on November 9.

Although Plaintiff is correct on this point, the Court does not find that it warrants altering the Court's judgment because it is not material to any of Plaintiff's claims. Plaintiff did not allege or argue that Defendant Sandoval's November 9 clearing of the Segregation Report harmed him or affected his treatment in any way. The denial-of-medication incidents on which Plaintiff's claims are based occurred between November 14 and November 17, at which time new Segregation Reports had been entered that contained essentially the same restrictions as the earlier Segregation Report. Defendants' explanation for the clearing of the earlier report did not, and does not, affect the Court's analysis of any of Plaintiff's claims.

Third, Plaintiff appears to suggest that the Court should reconsider its decision because this case is about the denial of pain medication and is *not* about Plaintiff's inability to walk down the stairs. But on the facts of this case, the two issues are intertwined. Plaintiff's allegation is not that Defendants completely refused to give him his medications, but rather that they refused to bring his medications to his second-floor cell, instead requiring him to come downstairs to get them. Although the end result of Defendants' conduct was that Plaintiff was denied his medication, Defendants' *conduct*—which the Court must evaluate in deciding a deliberate indifference claim—was their refusal to bring him his medications on the second floor. For all of the reasons stated in the Court's original Memorandum and Order, that conduct did not satisfy the standard for deliberate indifference.

---

"cleared" on that Segregation Report. *Id.* On November 10, at 12:13 p.m., a new Segregation Report was entered that stated, "bottom bunk, no outdoor rec, ace wrap to rt knee until cleared by medical." Defs.' Ex. 4, Doc. 44-4. On November 11, a third Segregation Report was entered that stated, "bottom bunk, bottom tier when available, ace wrap to right knee until cleared by medical, no outdoor rec." Def.'s Ex. 11, Doc. 44-11.

### III.    CONCLUSION

For all of the above reasons, the Court does not find that any of Plaintiff's arguments warrant amending or altering this Court's earlier judgment. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) filed by Plaintiff Oscar Garner (Doc. 74) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of January, 2023.